Filed 5/14/21

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C091939 |
| Plaintiff and Respondent, | (Super. Ct. No. CR036578) |
| v. | |
| JEFFREY LORD, SR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Lassen County, Tony R. Mallery, Judge. Affirmed in part and reversed in part.

C. Athena Roussos, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman, R. Todd Marshall and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part I of the Discussion.

1

A jury found defendant Jeffrey Thomas Lord, Sr., guilty of making criminal threats and obstructing an executive officer by threat or violence. The trial court placed him on probation for five years. He appeals, arguing there is insufficient evidence to support his conviction for making criminal threats because the threat did not cause the victim sustained fear. He further seeks to have his case remanded for resentencing in light of the new two-year limit on terms of probation for certain felonies. We affirm the conviction and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2018, at approximately 10:00 p.m., Susanville Police Officer Michael Hoover was on patrol when he received notice of a passenger fleeing on foot from a traffic stop. The passenger was known to be defendant's son. Officer Hoover drove toward the site of the traffic stop and, knowing defendant lived close by, parked in a parking lot near defendant's house. Officer Hoover then walked to an alley next to defendant's house, looking for defendant's son. Officer Hoover heard defendant shout from his backyard, "Get out of here or I'll fucking shoot you." Officer Hoover identified himself, saying he was with the Susanville Police Department. Defendant responded, "I don't care, I'll shoot you." The conversation continued for a few more seconds, along the same lines. Officer Hoover testified he was "concern[ed]"[1] by the threat because he knew defendant owned guns.

Around this same time, Lassen County Sheriff's Deputy Michelle Lingenfelter was on patrol nearby and noticed Officer Hoover. She stopped to ask if he needed

---

[1] The classification of Officer Hoover's mental state as "concerned" was in response to the language used by the prosecutor at trial:

"Q: This statement, did this cause any concern for you?

A: Yes, it did."

2

assistance and heard defendant say from his backyard something like, "[I]f you don't leave around my backyard, I'm going to shoot you."  Lassen County Sheriff's Deputy Chad Falchetta also arrived, but did not hear defendant's threats.  Defendant returned inside his house and Officer Hoover and Deputy Lingenfelter met Deputy Falchetta in the nearby parking lot.

Three minutes after defendant shouted at Officer Hoover, they heard the sound of a pump-action shotgun racking several times.  Officer Hoover yelled, "shotgun" and they took cover behind a dumpster in the alley.  Officer Hoover testified he took cover because he thought there would be "a gun fight."  Officer Hoover and the deputies could not see anyone in defendant's backyard; they saw debris someone could hide behind.  Officer Hoover used his flashlight to see the back door of the house, but could only see a metal security screen door.  Because the light reflected off it, he could not see whether the main door was open or closed.  Officer Hoover and the deputies remained behind the dumpster for less than five minutes.  They checked the area with flashlights again to be sure it was safe, then returned to their patrol cars "quickly."

Officer Hoover returned to the station and called the Susanville Police Chief.  Then, he began preparing a search warrant for defendant's house.  When asked why he did not immediately search the house or arrest defendant, Officer Hoover explained that there were several factors to consider, including that he was one of only two officers on duty that night.  Upon a search of defendant's home, an unloaded pump-action shotgun was found in a case in defendant's living room.

A jury found defendant guilty of making criminal threats and obstructing an executive officer by threat or violence.  The court placed defendant on probation for five years.

3

DISCUSSION

I

*Sufficient Evidence Showed Sustained Fear*

Defendant argues there was insufficient evidence to show the threats defendant made caused Officer Hoover sustained fear as required by Penal Code section 422. We disagree.

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence -- that is, evidence that is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) "The standard of review is the same where the prosecution relies primarily on circumstantial evidence. (*In re Alexander L.* (2007) 149 Cal.App.4th 605, 610.) " 'An appellate court must accept logical inferences that the jury might have drawn from the evidence even if the court would have concluded otherwise.' " (*People v. Halvorsen* (2007) 42 Cal.4th 379, 419.)

Defendant first argues his threats did not cause Officer Hoover "sustained fear" because Officer Hoover reacted to the sound of the shotgun racking, not to the verbal threats. Not so. The jury can consider all relevant circumstances, including defendant's subsequent actions to support a finding of sustained fear. (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1013; see *People v. Mendoza* (1997) 59 Cal.App.4th 1333, 1340-1342 [evidence sufficient to show sustained fear where victim was not afraid at the time the oral threat was made, but was afraid when a car later parked outside her house and she learned members of a gang were looking for her].) Here, the jury could reasonably consider it was both defendant's words and subsequent actions that resulted in Officer Hoover's fear and was not required to parse defendant's conduct to the degree he argues was required.

4

Defendant also asserts the gun racking cannot be tied to defendant because the jury found defendant not guilty of assault on an officer. Defendant contends the not guilty finding implies the jury did not believe it was defendant who racked the gun. Again, we disagree. There are alternate ways of interpreting the jury's finding of not guilty on that count, which still support the conclusion defendant was the one to rack the gun. For instance, the jury may have believed the natural and probable result of racking the gun would not have been to cause a battery to Officer Hoover. (*People v. Wyatt* (2010) 48 Cal.4th 776, 781 [" 'a defendant guilty of assault must be aware of the facts that would lead a reasonable person to realize that a battery [(i.e., physical force being applied to another)] would directly, naturally and probably result from his conduct' "].) The finding of not guilty for assault on an officer, then, did not necessarily mean the jury believed defendant was not the one to have racked the gun. Therefore, the sound of the gun racking can be used to support a finding of sustained fear.

Defendant's next arguments are interrelated. In essence, defendant argues Officer Hoover did not experience fear of a sufficient type or for a sufficient duration. Specifically, defendant argues: (1) Officer Hoover was only "concern[ed]" rather than afraid; (2) Officer Hoover was not so afraid that he called for backup or immediately arrested defendant; and (3) any fear Officer Hoover did feel lasted no more than five minutes. In sum, defendant concludes any fear was merely " 'fleeting or transitory.' " Before a verdict may be set aside for insufficiency of the evidence, a party must demonstrate " 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) Here, the evidence demonstrated Officer Hoover was in fear for his life, regardless of whether he used that specific language to describe his state of mind at trial. Officer Hoover testified he believed there was going to be a gun fight. Further, his reaction to the threat showed he found it credible and believed he was in danger. His response was to take cover, first by hiding behind a dumpster for several minutes, then scanning the area before quickly

returning to his patrol car. After leaving the scene, he contacted his chief for direction on how to handle the situation. This evidence supported a finding Officer Hoover's fear was genuine and more than fleeting.

Disagreeing, defendant cites *In re Ricky T.* (2001) 87 Cal.App.4th 1132 to support his contention that Officer Hoover did not experience sustained fear because he did not call for backup or arrest defendant that night. In *Ricky T.* a teacher sent the threatening student to the school's office but did not call the police until the next day. (*Id.*, at pp. 1135, 1140.) The appellate court reasoned that the fact the teacher did nothing more the day of the threat demonstrated that any fear the teacher felt did not last once the student left the classroom. (*Id.* at p. 1140.) In contrast, Officer Hoover sought cover for multiple minutes and when it was clear he could not continue with his law enforcement duties because of defendant's threatening presence, he removed himself from the situation and abandoned his intent to capture a fleeing suspect. After securing a position of safety at the police department, Officer Hoover sought guidance from his superior officer and decided to wait until the next day to take further action via a search warrant, in light of the fact he was one of only two officers on duty that night. Despite defendant's contention, these actions serve to support the conclusion Officer Hoover believed defendant's threat and felt its gravity.

Defendant also relies on *Ricky T.* to argue the length of time Officer Hoover felt fear was insufficient. Defendant, however, misstates the basis for the *Ricky T.* court's decision. In that case, the court found any fear felt by the teacher when threatened by her student "did not exist beyond the moments of the encounter" *where the threat was not accompanied by any other action by the defendant*. Specifically, the court distinguishes its facts from *People v. Allen* (1995) 33 Cal.App.4th 1149, which is more like the case here. (*In re Ricky T.*, *supra*, 87 Cal.App.4th at p. 1141). In *Allen*, the defendant stated " 'I'm gonna kill you' " and then pointed a gun at the victim. (*Allen*, at pp. 1155-1156.) Likewise, here, defendant stated, "I'll shoot you" and then Officer Hoover heard the

6

sound of a shotgun racking. This case is distinguishable from *Ricky T.* for the same reasons *Allen* was: "the evidence [here], unlike [there], showed that the defendant followed up on his threats to injure the victim." (*In re Ricky T.*, *supra*, at p. 1141.)

Finally, while Officer Hoover stayed behind the dumpster "less than five minutes" before "quickly retreat[ing]," fear lasting even one minute is sufficient when one is in fear for life. (*People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349.) Indeed, this case is much like *Fierro*. In *Fierro*, the defendant made an oral threat, saying, "I will kill you" and then flashed a gun holster at the victim. (*Id.* at p. 1346.) There, the court found sufficient evidence the victim felt sustained fear, even though the encounter lasted no more than 40 seconds because of the gravity of the threat. (*Id.* at p. 1349). Here, like in *Fierro*, Officer Hoover felt fear after hearing an oral threat along with the display of a weapon. Even though Officer Hoover felt actively threatened for no more than five minutes (the time between the gun racking and Officer Hoover returning to his car), he was in fear of "a gun fight." Therefore, the length of time is sufficient to show sustained fear.

## II

*Amendment To Penal Code Section 1203.1 Applies Retroactively*

Defendant asserts he is entitled to resentencing pursuant to changes made to Penal Code section 1203.1 by Assembly Bill No. 1950 (Stats. 2020, ch. 328, § 2), effective January 1, 2021. Defendant argues the law applies retroactively under *In re Estrada* (1965) 63 Cal.2d 740 because the bill is ameliorative in nature and the Legislature did not "clearly signal its intent to make the amendment prospective." (*People v. Sims* (2021) 59 Cal.App.5th 943, 961-963.) The People concede and we agree.

*Estrada* delineated an exception to the general presumption against retroactivity, creating a presumption for retroactivity when a new law ameliorates a criminal penalty. The presumption is based on the understanding an ameliorative change reflects the Legislature's determination that "its former penalty was too severe and that a lighter

punishment is proper." (*In re Estrada*, *supra*, 63 Cal.2d at p. 745.)  An ameliorative change to a criminal penalty will be applied retroactively unless it contains a savings clause or other indication the law is to be applied prospectively only.  (*Id*. at p. 748.)

Defendant asserts, and the People concede, Assembly Bill No. 1950 is ameliorative in nature, as it limits the length of time a criminal defendant can be subject to probation.  Our Supreme Court has not yet spoken on whether *Estrada* applies to Assembly Bill No. 1950, though other Courts of Appeal have found that it does.  (*People v. Quinn* (2021) 59 Cal.App.5th 874; *People v. Sims*, *supra*, 59 Cal.App.5th at p. 943.)  We agree.  "[W]here the amendatory statute mitigates punishment and there is no savings clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed."  (*In re Estrada*, *supra*, 63 Cal.2d at p. 748.)  With certain exceptions, the new law limits the term of probation for a felony conviction to two years.  While probation is not considered punishment in the same way incarceration is, it is clear probation is " 'a form of punishment.' "  (*Fetters v. County of Los Angeles* (2016) 243 Cal.App.4th 825, 837.)  Indeed, "it is a sanction that imposes significant restrictions on the civil liberties of a defendant."  (*People v. Davis* (2016) 246 Cal.App.4th 127, 140, fn. 6.)  Thus, the amendment to Penal Code section 1203.1 made by Assembly Bill No. 1950 decreases the possible punishment for felony offenses and is an ameliorative change that should be applied retroactively under *Estrada*.

Further, the language of the bill does not contain a savings clause or other indication it should be applied prospectively only.  Indeed, the legislative history suggests the opposite.  As Division One of the Fourth District Court of Appeal noted in summarizing the relevant committee reports, "the legislative history for Assembly Bill No. 1950 suggests the Legislature harbored strong concerns that probationers -- including probationers whose cases are pending on appeal -- face unwarranted risks of incarceration due to the lengths of their probation terms."  (*People v. Sims*, *supra*, 59 Cal.App.5th at

8

p. 961.)  Because there is no contrary indication in the language of the bill or the legislative history, the presumption of retroactivity applies under *Estrada*.

We conclude Assembly Bill No. 1950 applies retroactively under *Estrada* because it ameliorates a criminal penalty and the Legislature has not indicated a contrary intent. Because defendant's case was pending on appeal at the time Assembly Bill No. 1950 took effect, his case is not yet final and defendant is entitled to resentencing to reduce his term of probation.  The parties agree we must remand defendant's case and we shall do so.

## DISPOSITION

The judgment is affirmed as to defendant's conviction and reversed as to defendant's sentence.  The case is remanded for resentencing consistent with the amendment to Penal Code section 1203.1.


/s/
Robie, Acting P. J.


We concur:


/s/
Duarte, J.


/s/
Hoch, J.

9